AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21-cv-0098-WMW-JFD |
| Michael J. Lindell and My Pillow, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    John Negroponte, 3100 Cleveland Avenue, NW, Washington, DC 20008

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: Please see documents attached as Exhibit A for the disclosure statement pursuant to *Touhy v. Regan,* 340 U.S. 462 (1951), if applicable, see also Exhibits B-D attached

| Place: Veritext - 1250 I St NW #350, Washington, DC 20005 | Date and Time: **July 27, 2023 at 9:00 a.m. EST** |
|---|---|

The deposition will be recorded by this method:    stenographic transcription

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 13, 2023

*CLERK OF COURT*

OR

_____            s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Michael J. Lindell and My Pillow, Inc. , who issues or requests this subpoena, are:
Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 21-cv-0098-WMW-JFD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Exhibit A**

### *Touhy* Summary of Information Sought and Relevance to Proceeding

To the extent that the *Touhy* regulations of the Office of the Director of National Intelligence apply to the attached subpoena, the importance, and the relevance of the information the issuing party intends to seek through the deposition of John Negroponte is as follows:

The testimony sought from Mr. Negroponte is of major importance to the defenses of Michael J. Lindell and My Pillow, Inc. in the captioned proceeding *Smartmatic USA Corp. et al. v. Michael J. Lindell, et al.*, no. 21-cv-0098-WMW-JFD in the U.S. District Court for the District of Minnesota. Plaintiffs' claims in that action allege that Mr. Lindell made false statements about the 2020 election. One of Mr. Lindell's defenses is that his statements were based in significant part upon information he received from and about a former government contractor named Dennis Montgomery, including information about technology developed by Mr. Montgomery, and provided to the Central Intelligence Agency to hack and penetrate electronic election systems. Mr. Lindell's and My Pillow, Inc.'s defenses include the defense that the allegedly defamatory statements were true, and the defense that the statements were plausible. Mr. Negroponte's testimony is anticipated to support these defenses by showing one or more of the following: (1) the technology described by Mr. Montgomery exists; (2) the technology has been tested and works; (3) the technology existed prior to 2020; (4) the technology eventually was possessed by individuals outside the CIA; (5) the technology was used to manipulate elections outside the United States prior to 2020. Mr. Negroponte's testimony would further support Mr. Lindell's and My Pillow, Inc.'s defenses by showing that Mr. Montgomery's account of his past activities is true, that Mr. Montgomery performed work for the United States government, and that Mr. Montgomery's work was relied upon and used by the United States Government.

1

There is good reason to conclude that Mr. Negroponte knows the information sought by Mr. Lindell and My Pillow, Inc. Beginning in 2006, Mr. Montgomery became involved in litigation against his former employer and business partner, in case no. 06-cv-00056 in the United States District Court for the District of Nevada (the "eTreppid Litigation"). ETreppid was a technology company that developed computer software and contracted with the Central Intelligence Agency.[1] Mr. Montgomery had been a software developer at eTreppid. The United States Department of Defense intervened in the eTreppid Litigation and asked the Nevada court to enter a protective order to prevent disclosure of certain information. In support of the Department of Defense's motion, Mr. Negroponte signed and submitted a "Declaration and Formal Claim of State Secrets and Statutory Privileges by John D. Negroponte, Director of National Intelligence,"[2] which was filed in the eTreppid Litigation on September 25, 2006. A copy of the Negroponte Declaration is attached as **Exhibit B**. The stated purpose of the Negroponte Declaration was to "assert formally" as the Director of National Intelligence and "head of the United States Intelligence Community, the state secrets privilege to protect intelligence information" and to "protect intelligence sources and methods from unauthorized disclosure." *Id.* ¶ 3. The Negroponte Declaration stated that it was accompanied by a "classified *ex parte, in camera* declaration," *id.* ¶ 8, and that "the unauthorized disclosure of certain information that may be implicated by the parties' claims in this matter, as set forth in more detail in the classified *ex parte, in camera* declaration which accompanies this declaration, reasonably could be expected to cause serious, and in some cases exceptionally grave damage to the national security of the United States," *id.* ¶ 9. The Negroponte Declaration asked the Court

---

[1] A copy of an illustrative agreement between eTreppid and the CIA is attached as **Exhibit C**.
[2] Mr. Negroponte served as the Director of National Intelligence from 2005-2007.

2

to "prevent any party from testifying, eliciting testimony, producing, disclosing, entering into evidence or making any other use in discovery, at trial, or in any other way in connection with this case, information concerning: (a) the existence or non-existence of, any actual or proposed relationship, agreement, connection, contract, transaction, communication, or meeting of any kind between any entity in the United States Intelligence Community, or any current or former official·, employee, or representative thereof, and any individuals or entities associated with this lawsuit, on any current or former officer or employee thereof; and (b) any actual or proposed interest in, application, or use by any entity in the United States Intelligence Agency, or any current or former official, employee, or representative thereof, of any technology, software, or source code owned or claimed by any individuals or entities associated with this lawsuit."

From this sequence of events, it is reasonable to conclude that Mr. Negroponte possesses knowledge about Mr. Montgomery's activities at eTreppid performed in connection with the CIA. Lindell and My Pillow, Inc. have a right to gather the evidence of Mr. Negroponte's knowledge concerning Mr. Montgomery's activities to support their defenses concerning Mr. Lindell's reliance on Mr. Montgomery, and to defend against any attacks the plaintiffs may assert against Mr. Montgomery's credibility.

The disclosure of Mr. Negroponte's testimony is appropriate as part of the discovery in the *Smartmatic USA Corp. et al. v. Michael J. Lindell, et al.* action, which is open and ongoing. It is not privileged; it is relevant to the defendants' defenses and therefore discoverable under the Federal Rules of Civil Procedure. To Defendants' knowledge, no statute, regulation, executive order, or other provision of law would be violated by disclosure of it, defendants do not know of any non-disclosure agreement that would prohibit it, and it would not require disclosure of intelligence sources or methods, classified information or state secrets, violate any ODNI policy,

3

or interfere with the conduct of ODNI functions. To the extent Mr. Negroponte's testimony is deemed sensitive or confidential, the testimony could be designated as confidential under the protective order entered by the Court in the action.[3] Mr. Lindell and My Pillow, Inc. believe that Mr. Negroponte's testimony concerning Mr. Montgomery can be taken without creating any issue of state secrets, because the testimony concerns events from long ago and because the testimony can be given in a general way as to avoid any lingering concerns over classified information.

Mr. Lindell and My Pillow, Inc. anticipate Mr. Negroponte's testimony would be (1) Mr. Montgomery participated in the development of software technology that can be used to penetrate electronic election equipment and manipulate vote totals; (2) this technology was tested and found to work; (3) the technology was developed and was operational prior to 2020; (4) the technology at some point passed into the possession of individuals outside the CIA; (5) the technology was used to manipulate elections outside the United States prior to 2020.

---

[3] **Exhibit D**, Protective Order entered November 3, 2022, governing both party and non-party discovery in *Smartmatic USA Corp. et al. v. Michael J. Lindell, et al.*, 21-cv-0098-WMW-JFD, entered November 3, 2022.

4